Judge Nicholas
delivered the opinion of the c.'urt.
This case depends upon the construe" tion to be given to the following covenant in alease: “To keep the farm and buildings in good repair, and leave them in the same good order, at the end of said term of three years.”
It is contended in behalf of plaintiff in error, that this covenant bound the defendants to put the farm and buildings in good repair, and to leave them in actual good repair at the end of the lease, without reference to their condition at the date of the lease. We have been referred to the case of Brashear vs. Chandler, VI. Mon. 150, as ruling this to be the true construction: That caséis not like this. There, the covenant was, to deliver the farm, at the end of the lease, in good tenantable repair in every respect, and it was properly construed into a stipulation for putting the farm into repair, whatever its situation might have been when rented. It is said in that case, that, a covenant simply to repair, may be construed to embrace only the making good what may be damaged, ad interim, but that the stipulation to deliver in good repair in every respect, left no room for limiting it into a covenant merely to repair, according to the original condition of the farm The word keep, seems to us, to have direct reference to the condition of fhe premises at the time of the lease, and that the then state of repair must be taken to be, what the parties meant by good repair. There is so broad and palpable a distinction, between a promise, to put into repair, and one to keep in repair, that it is almost impossible to believe the parties meant the former, when they used the latter expression. A covenant to keep in repair, is certain *259 iy no broader than a covenant to repair, ancl if the latter obliges only to make good the damage ad interim, no greater stress can be laid on the promise keep in repair.
Triplett and tiord, for plaintiff; Monhead and Brown, for defendants.
The last clause lo leave m the same good order,” gives no aid to the construction, one way or the other. Its obvious meaning is, that the- premises were to be left as they had to be kept.
The court below gave the same construction to the covenant that we have done. Wherefore, judgment affirmed with costs.